

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RUTH CROOKS,** | ) | |
| **WANDA MALCOM,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **MURROW'S TRANSFER, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

---

## NOTICE OF REMOVAL

---

COMES NOW the Defendant, **MURROW'S TRANSFER, INC.,** (incorrectly identified in Plaintiff's Complaint as MURROW TRANSFER, INC., hereinafter "MTI") and, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the foregoing cause from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division.  As grounds for removal, MTI states as follows:

1.     Plaintiffs Ruth Crooks and Wanda Malcom initiated this civil action against MTI on or about March 4, 2021, in the Circuit Court of Jefferson County, Alabama, Civil Action No. CV-2021-900712. Pursuant to 28 U.S.C. § 1446(a),

{DOC# 00720202}

copies of all pleadings, as well as copies of all process and other papers on file in the record of the state court action, which are within the possession, custody and control of Defendant, are attached hereto as Exhibit "1."  The case action summary for this case, from the State Judicial Information System website, Alacourt.com, is attached hereto as Exhibit "2."

2.      Defendant MTI files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 and asserts federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have originally been brought in this Court pursuant to 28 U.S.C. § 1332. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), as complete diversity of citizenship exists between the Parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.      Pursuant to 28 U.S.C. § 1332(a)(1), complete diversity exists between the parties properly joined and served in this Action, both now and at the time the lawsuit was filed in state court. Plaintiff Ruth Crooks is a resident and citizen of the State of Alabama. (Ex. 1, Compl. at ¶ 1). Plaintiff Wanda Malcom is a resident and citizen of the State of Alabama. (Ex. 1, Compl. at ¶ 2). Intervenor-Plaintiff, GEICO Casualty Company, is domiciled in Maryland and its principal place of business is 1 GEICO Blvd, Fredericksburg VA, 22412.  Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of fictitious defendants named in Plaintiff's Complaint "shall be

disregarded" in determining whether this civil action is removable based on diversity jurisdiction. The only named and served defendant as of the filing date of this Notice of Removal is Defendant MTI, a non-citizen of the State of Alabama, therefore complete diversity of citizenship exists. Defendant MTI was incorporated in and has its principal place of business in Thomasville, North Carolina. Thus, complete diversity of citizenship exists.

4. **Pursuant to 28 U.S.C. § 1332(a)(1), the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.** The longstanding federal rule for determining the amount in controversy is to examine the plaintiff's complaint. *See, e.g., Lindsay v. American General Life & Accident Ins. Co.*, 133 F. Supp. 2d 1271, 1275 (N.D. Ala. 2001) (citations omitted). Here, however, Plaintiffs do not specify in the Complaint the total amount of damages they seek against MTI. The Eleventh Circuit precedent provides that where, as here, a plaintiff makes an unspecified damages demand in state court, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010) (*quoting Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)). In some cases, this burden will require the removing defendant to provide additional evidence, but in other cases "it may be 'facially apparent' from the pleading itself that the amount in

controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" *Roe*, 613 F. 3d at 1061 (*quoting Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citations omitted)).

5.      The Eleventh Circuit Court of Appeals has stated if a defendant alleges removability is facially apparent from the complaint, "the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Id.* at 1061. The district court is not bound by the plaintiff's representations and does not have to assume the plaintiff is best able to evaluate the amount of damages sought. *Id.* (*citing Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 771 (11th Cir. 2010)). The Eleventh Circuit Court of Appeals further stated:

> **Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.** Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount.' Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Id.* at 1061-62 (citations omitted) (emphasis added). The rationale for this rule is in part to prevent plaintiffs from defeating a court's statutory right to hear a case through artful pleading that does not specify the value of the claimed damages. *Id.* at 1064.

6.     Recent cases are helpful in determining the amount in controversy where, as here, a plaintiff fails to make a specific damages demand in the complaint. One such case explained the impact of amended 28 U.S.C. § 1446, stating "[w]hen Congress enacted this most recent amendment to § 1446, it did not intend to require the court to which the case is removed to do more than to exercise reasonable judgment, based on the allegations in the complaint, and other undisputed facts." *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Al. 2012). In *Smith*, the court went on to state that where the complaint does not contain an *ad damnum* clause, "the court is allowed reasonable deductions and extrapolations." *Id.* at 1335. The *Smith* court further stated "[t]his court is informed and verily believes" Congress amended § 1446 "to slow down, if not to prevent," the remand of diversity cases "where there is no *ab* (sic) *damnum* clause, but where the parties and the court know from their exercise of good sense and experience that the claim exceeds $75,000." *Id.* Perhaps more importantly, the *Smith* court stated the following:

> The court is willing to go so far as to inform plaintiffs like Smith, who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, **must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more.** Otherwise, a plaintiff will find herself in a federal court, which is now saddled by Congress with a new and heavy burden.

*Id.* (emphasis added). Finally, the *Smith* court noted in a case such as this one, if the defendant had waited for limited discovery in state court to prove the plaintiff's

claim exceeded $75,000, the defendant would be facing a motion to remand for untimely removal rather than for lack of subject-matter jurisdiction. *Id.* at 1334-35.

7.      Also helpful is *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala. 2015). In *Bush*, the court noted that prior to the decision by the Eleventh Circuit Court of Appeals in *Roe v. Michelin North American, Inc.*, 613 F.3d 1058 (2010), a complaint filed without an *ad damnum* clause would have invited a defendant to use discovery admissions to establish the amount in controversy prior to removal, as was done by the *Bush* defendant. *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 3d at 1318. The court further explained the Eleventh Circuit Court of Appeals "took corrective steps," because federal judges in Alabama "were routinely remanding diversity cases for lack of a clear appearance of the jurisdictional amount in the state court complaint." *Id*. The *Bush* court noted the Eleventh Circuit, which binds federal courts in Alabama:

> finally acknowledged the self-evident, namely, that a plaintiff like Bush, **who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000.**

*Bush*, 132 F. Supp. 3d at 1318 (emphasis added).

8.      As a final example, Defendant points this court to *Seckel v. Travelers Home & Marine Ins. Co.*, 2013 U.S. Dist. LEXIS 11582, 2013 WL 360421 (N.D. Ala. Jan. 29, 2013). In *Seckel*, the court found that, although the plaintiff only

claimed $26,430 in damages in his state court complaint, the unspecified damages the plaintiff sought for alleged emotional distress and unjust enrichment allowed the defendant to meet the amount in controversy requirement. *Seckel v. Travelers Home & Marine Ins. Co.*, 2013 U.S. Dist. LEXIS 11582, *5 (N.D. Ala. Jan. 29, 2013). The Court held that, "[w]ithout an affidavit from [the plaintiff] stating that he will not claim any more than $74,999.99 from Travelers in damages, this court has jurisdiction over the case and DENIES [the plaintiff's] motion to remand." *Seckel*, 2013 U.S. Dist. LEXIS 11582, at *5.

9.     **Here, it is facially apparent from Plaintiffs' Complaint that the amount in controversy exceeds $75,000.** This action arises out of an alleged tractor-trailer accident that occurred on November 30, 2020 in Jefferson County, Alabama. (Ex. 1, Compl. at ¶ 6). Plaintiffs allege a "tractor-trailer owned by [Defendant MTI]" "collided with the driver's side of the vehicle occupied by Plaintiffs while they were stopped at the traffic light." (Ex. 1, Compl. ¶ 7). **Plaintiffs claim the collision caused substantial damage to their vehicle.** (Ex. 1, Compl. ¶ 7). **Plaintiffs allege that they suffered substantial injuries from the accident.** (Ex. 1, Compl. ¶ 9). **Plaintiffs also allege that they have incurred substantial medical expenses and will continue to incur medical expenses in the future.** (Ex. 1, Compl. ¶ 9). **Lastly, Plaintiffs allege they have suffered extreme physical pain and suffering, emotional distress and mental anguish, and will continue to**

**suffer same in the future.** (Ex. 1, Compl. ¶ 9).

10.    Plaintiffs set forth the following claims in their Complaint:  Count One—Negligence; Count Two—Wantonness; and Count Three – Negligent Hiring, Training, and Supervision. (Ex. 1, Compl.).  Plaintiffs do not demand a specific amount of damages in their Complaint. They also fail to disclaim the right to, or acceptance of, damages exceeding $74,999.99.

11.    Plaintiffs claim the alleged accident caused property damage, substantial physical injuries, extreme physical pain and suffering, emotional distress and mental anguish, future pain and suffering; they also claim to have incurred medical bills and that they will incur future medical bills. (Ex. 1, Compl. at ¶ 7, 9). Plaintiffs also claim compensatory damages, punitive damages, cost of suit, and "such other and further relief as the Court deems and proper."  (Ex. 1, Compl. at ¶ Prayer for Relief). In addition to specifically pleading punitive damages, punitive damages could be available for their wantonness claim pursuant to the conditions set forth in *Ala. Code* § 6-11-20.

12.    As with the cases above, Plaintiffs claim they sustained substantial personal injuries as a result of Defendants' alleged negligent and wanton behavior. These claimed damages include Plaintiffs' claimed damages for future medical bills, pain and suffering, and punitive damages. Plaintiffs are "realistically hoping to recover more than $75,000," and the amount in controversy requirement is satisfied

in this case.

13.     This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Southern Division, within the time allowed by law for the removal of actions to the United States District Courts. Defendant MTI was served with the Summons and Complaint on or about March 11, 2021. (Ex. 1, Notice of Service for MTI).  This Notice of Removal is timely because it is filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

14.     Without waiver of any defenses or objections including, but not limited to, improper process, improper service of process, improper venue, and lack of personal jurisdiction, Defendant MTI submits this Notice of Removal.

15.     Pursuant to 28 U.S.C. § 1446(d), Defendant MTI shows a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Jefferson County, Alabama. Further, Defendant represents to this Court that a copy of this Notice of Removal is also being served upon counsel for Plaintiff.

Respectfully submitted,

*s/ Sara Elizabeth DeLisle*
Thomas L. Oliver, II (ASB-3153-R53T)
Sara Elizabeth DeLisle (ASB-8051-s81d)
Anna C. Saunders (ASB-2747-i00t)

Attorneys for Defendant Murrow's Transfer, Inc.

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:  (205) 822-2006
Facsimile:  (205) 822-2057
E-mail:      sbdelisle@carrallison.com
             asaunders@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of April 2021, the foregoing document was electronically filed with the Clerk of this Court, and served upon the following using the CM/ECF system:

Champ Lyons, III
Champ Lyons, III, P.C.
P.O. Box 131388
Birmingham, AL 35213-1388
champ@champlyons.com

*s/ Sara Elizabeth DeLisle*
OF COUNSEL