FILED

2021 Apr-09  PM 02:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

Exhibit 1

ELECTRONICALLY FILED
3/4/2021 3:44 PM
01-CV-2021-900712.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01<br><br>Date of Filing:<br>03/04/2021        Judge Code: |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**RUTH CROOKS ET AL v. MURROW'S TRANSFER, INC.**

**First Plaintiff:** ☐ Business  ☑ Individual   **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other                        ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☑ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING       A ☐ APPEAL FROM       O ☐ OTHER
DISTRICT COURT

R ☐ REMANDED              T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO   Note: Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**      ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
LYO007                    3/4/2021 3:44:45 PM                    /s/ CHAMP LYONS, III III
                          Date                                  Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**     ☐ YES ☑ NO

ELECTRONICALLY FILED
3/4/2021 3:44 PM
01-CV-2021-900712.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLEI

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **RUTH CROOKS AND**<br>**WANDA MALCOM,** | ) |
| | ) |
| **PLAINTIFFS,** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **MURROW'S TRANSFER, INC.** | ) |
| **AND DEFENDANTS A, B & C, AS** | ) |
| **FULLY DESCRIBED BELOW,** | ) |

Defendant A is the individual who was operating the truck that was involved in the subject accident, Defendants B & C are any persons or entities who participated in or who contributed and/or caused the subject motor vehicle accident or who were responsible for the management, hiring, supervision and/or training of the persons who contributed and/or caused the subject accident; or those persons or entities who employed the persons who contributed and/or caused the subject accident and/or the successors or assignees to any of the aforementioned parties. Defendants fictitiously described above as "A" through "C" are otherwise unknown to Plaintiffs at this time, or if their identities are known to Plaintiffs at this time, their identity as proper party Defendants is not known to the Plaintiffs at this time, but their true and correct names will be substituted by amendment when the aforesaid information is ascertained,

| | |
|---|---|
| | ) |
| **DEFENDANTS.** | ) |

## COMPLAINT

**COME NOW** the Plaintiffs, **Ruth Crooks and Wanda Malcom,** and file this Complaint

against **Murrow's Transfer, Inc. and Fictitious Defendants A-C.** In support of said Complaint,

Plaintiffs state the following:

## PARTIES

1.      Ruth Crooks is an adult resident of the state of Alabama.

2.      Wanda Malcom is an adult resident of the state of Alabama.

3.      Murrow's Transfer, Inc. is a North Carolina corporation doing business in the state

of Alabama.

4.     Defendants fictitiously described as "A" through "C" are otherwise unknown to Plaintiffs at this time, or if their identities are known to Plaintiffs at this time, their identity as proper party Defendants is not known to the Plaintiffs at this time, but their true and correct names will be substituted by amendment when the aforesaid information is ascertained.

5.     The named defendants and fictitious parties are hereinafter referred to collectively as "Defendants." Defendants acted in conspiracy, in concert, and/or in an agency capacity with each other in connection with the claims alleged herein. Defendants are jointly and severally liable for the wrongful conduct alleged herein.

## STATEMENT OF FACTS

6.     On or about November 30, 2020, Plaintiff Crooks was exiting Interstate 59 and had come to a stop at the intersection of Carraway Blvd and 6th Avenue North in Jefferson County, Alabama. Plaintiff Malcom was a passenger in the vehicle.

7.     Fictitious Defendant A was operating a tractor-trailer owned by his employer Defendant Murrow's Transfer, Inc. Fictitious Defendant A collided with the driver's side of the vehicle occupied by Plaintiffs while they were stopped at the traffic light. Fictitious Defendant A failed to keep a proper lookout and failed to yield the right of way. Fictitious Defendant A proceeded to make a left turn on to Carraway Blvd and fled the scene of the accident even though a witness caught up with him to tell him he had caused an accident. The collision caused substantial damage to Plaintiffs' vehicle.

8.     At all relevant times, Fictitious Defendant A was acting within the line and scope of his employment with Defendant Murrow's Transfer, Inc.

9.     Plaintiffs suffered substantial injuries proximately caused by the accident. Plaintiffs have incurred substantial medical expenses. Plaintiffs will continue to incur medical

2

expenses in the future. Plaintiffs have suffered extreme physical pain and suffering, emotional distress and mental anguish and will continue to do so in the future.

## COUNT ONE- NEGLIGENCE

10.     Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs and further allege:

11.     Fictitious Defendant A owed a duty to use reasonable care in the operation of the tractor-trailer.

12.     Fictitious Defendant A breached this duty by failing to keep a lookout, failing to yield the right of way and failing to use reasonable precaution to avoid the subject accident.

13.     As a direct and proximate result of Fictitious Defendant A's acts and/or omissions, Plaintiffs have suffered damages as described above.

## COUNT TWO- WANTONNESS

14.     Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs and further allege:

15.     At all times relevant hereto, Fictitious Defendant A's conduct was intentional, wanton, and/or outrageous and beyond the bounds of reasonableness, and was in reckless disregard for the welfare and benefit of others.

16.     As a direct and proximate cause of Fictitious Defendant A's reckless and wanton conduct, Plaintiffs have suffered damages as described above.

17.     Plaintiffs are entitled to compensatory and punitive damages as a result of Fictitious Defendant A's conduct.

3

## COUNT THREE- NEGLIGENT HIRING, TRAINING AND SUPERVISION

18.     Plaintiffs hereby adopt and incorporate by reference all preceding paragraphs and further allege:

19.     Defendant Murrow's Transfer, Inc. owed a duty to properly hire, train and supervise its employees.

20.     Defendant Murrow's Transfer, Inc. breached its duty of reasonable care by failing to properly supervise, employ, retain, and train Fictitious Defendant A.

21.     As a direct and proximate result of said negligent acts and/or omissions, Plaintiffs have suffered damages as described above.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment in their favor on all counts and against the Defendants as follows:

(a)     compensatory damages;

(b)     punitive damages;

(c)     all costs of bringing this suit; and

(d)     such other and further relief as the Court deems just and proper under the circumstances.

4

*/s/ Champ Lyons, III*

_____
CHAMP LYONS, III
COUNSEL FOR PLAINTIFF

OF COUNSEL:

**CHAMP LYONS III, P.C.**
P.O. Box 131388
Birmingham, AL  35213-1388
(205) 930-3131
(866) 618-4629  fax
champ@champlyons.com

**Please serve Defendant via Certified U.S. Mail at:**

Murrow's Transfer, Inc.
1660 Blair Street
Thomasville, NC 27360

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **RUTH CROOKS AND** | ) |
| **WANDA MALCOM,** | ) |
| | ) |
| **PLAINTIFFS,** | ) |
| | ) |
| **VS.** | ) |
| | ) |
| **MURROW'S TRANSFER, INC.** | ) |
| **ET AL.,** | ) |
| | ) |
| **DEFENDANTS.** | ) |

## PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT MURROW'S TRANSFER, INC.

COME NOW the Plaintiffs and request the Defendant, Murrow's Transfer, Inc., to answer the following Interrogatories and Requests for Production:

## INTERROGATORIES

1.      Were you correctly named in the complaint that is the basis of this lawsuit? If your answer is in the negative, please provide your correct name and address.

2.      Does your company hold a certificate of authority, a license or permit issued by the United States Department of Transportation or some other regulatory authority? If so, please state the appropriate license number of states in which this company is authorized to operate.

3.      Identify the name, address and telephone number of the individual(s) who was operating your truck in the vicinity of Birmingham, Alabama, on the morning of November 3, 2020.

4.      Please state the names and titles of your executive officers, as well as those persons who arranged for your driver to work for this Defendant.

5.      Please describe the general business operation of Murrow's Transfer, Inc. and state the following information:

        a)      The number of states in which this Defendant is authorized to operate; and

        b)      The location of all of its offices.

6.    At the time of the subject collision of November 3, 2020, was your driver that was in the vicinity of downtown Birmingham an employee of this Defendant? If not, describe the driver's relationship with Defendant.

7.    Please state whether you have retained a driver qualification file for the driver of the truck. If so, please identify each of the documents in that file.

8.    Please state whether you have retained a medical file for the driver of the truck. If so, please identify each of the documents in that file.

9.    Please state whether you have knowledge of any traffic violations committed by your driver. If so, please state the date, location, and type of each such violation.

10.    Please state whether you or a company representative have taken any disciplinary action against your driver as a result of his driving that resulted in the collision on November 3, 2020. If so, please state what actions were taken against your driver, by whom, and the date any such action was taken.

11.    Please state whether your company has a safety director. If so, state his or her full name and official job title.

12.    Please state whether your company has written driving standards and/or instructions for its employees. If so, please state whether a copy of the company standards and/or instructions to employees was provided to your driver and the date any such materials were provided to him.

13.    Please describe the trip being made by your driver at the time of the collision including the place of origin and destination.

14.    Does your company retain possession of repair, maintenance or warranty invoices and bills covering the history and maintenance of the truck involved in the accident made the basis of this lawsuit? If not, please identify by name and address the person who has possession of such documents.

15.    Was any onboard computer data, EMC data or other such data removed or downloaded from the truck? If so, describe the chain of custody and the data.

16.    Was a drug and alcohol test administered to your driver following the collision? If so, please state:

        a)    The type of test given;
        b)    Where and when the test was administered;
        c)    Who accompanied the driver to the testing location and who was present during the testing; and
        d)    The result of the test.

17.     Has your driver ever reported to duty while having an alcohol concentration of .02 or greater, or has he ever refused to submit to an alcohol or controlled substance test?

18.     If you contend that your company is not liable for collision made the basis of this lawsuit, please state in detail the reason for that contention.

19.     State specifically and in chronological detail exactly how the accident made the basis of this suit occurred.

20.     State whether or not any of the occupants in the vehicle involved in the accident made the basis of this suit, including yourself, were intoxicated, drinking intoxicating beverages, or had been drinking intoxicating beverages 24 hours prior to the accident.

    (a) If your answer to the above question is in the affirmative, give the name and address of each person who was drinking or had been drinking or who was intoxicated.

    (b) State what each said person was drinking, where he or she had obtained the same, the quantity or amount consumed, and the time and place where the same was consumed.

21.     Describe in detail whether or not any other vehicles (other than your vehicle and the vehicle occupied by Plaintiffs), objects, persons or weather conditions at or near the scene of the accident played any part or contributed in any manner to cause the collision made the basis of this suit.  Describe the basis for your answer.

22.     With respect to each statement, remark, comment or communication made by anyone (including you), including any statements you contend are against the plaintiff(s) interest, concerning the incident made the basis of this suit, please state:

    (a) the name, last known address, and last known telephone number of each person making the statement, etc.;

    (b) the substance of each statement, etc., made;

    (c) the name, last known address, and last known telephone number of each person to whom the statement, etc., was made, and/or who heard the same and/or who was present when the statement, etc., was made, including in your answers any responses thereto.

23.     State the name, last known address, and last known telephone number of each person who/whom:

    (a) was a witness concerning the incident made the basis of this suit;

    (b) you, your attorney, your insurance company, or someone acting on your behalf has talked to concerning any matter involving the case made the basis of this suit;

    (c) has discoverable information concerning that incident made the basis of this suit; and

    (d) you, your attorney, your insurance company or anyone acting on your behalf has taken a statement from, in any form, whatsoever.

24.     For all vehicles and persons involved in the accident made the basis of this lawsuit, state the name of all insurance carriers, excess, re-insurance, umbrellas, etc., for the vehicle and driver, and the amount of liability coverage per occurrence and aggregate for each.

25.     Identify each person whom you expect to call as an expert witness at the trial of this case; state the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; the summary of the grounds for each such opinion and the qualifications of each such expert or experts.

26.     If you contend you are not negligent, please state:

    (a)     each and every fact and/or the basis for each contention or reason why you were not negligent;

    (b)     state the name, last known address and last known telephone number of each and every witness, expert or otherwise, to correspond with each and every contention or reason why you allege you were not negligent for the incident made the basis of this suit;

    (c)     identify each and every document and/or tangible items specifically identifying the corresponding reason or contention why you were not negligent sufficiently enough to allow the plaintiff to obtain the same by a request for production.

27.     Do you contend that any act or omission of Ruth Crooks contributed to cause the subject collision? If so, please state:

    (a)     each and every fact and/or the basis for each contention or reason why she was negligent;

    (b)     state the name, last known address and last known telephone number of each and every witness, expert or otherwise, to correspond with each and every contention or reason why you allege you she was negligent for the incident made the basis of this suit;

    (c)     identify each and every document and/or tangible items specifically identifying the corresponding reason or contention why she was negligent sufficiently enough to allow the plaintiff to obtain the same by a request for production.

28.     Please state the make, model, year, exact dimensions, name of owner, weight of the truck, and mileage of the truck involved in the collision that is the basis of this lawsuit.

29.     Identify when you acquired the subject tractor-trailer and state the name of the person or entity from which you acquired. Identify how many miles the truck had at the time you acquired it and describe what inspections were performed on the truck at the time you acquired it.

30.    Please state the exact nature, weight and placement of the load being hauled in the truck involved in the collision that is the basis of this lawsuit. State the gross weight of the vehicle and its load at the time of the collision.

31.    Identify who hired you to haul the load, where you picked up the load, the owner of the load and whether you had a contract to haul the load or whether you were acting as a subcontractor for some other person or entity that had a contract to haul the load. If you were acting as a subcontractor, identify the person or entity that did have a contract to haul the load.

32.    Please identify all persons you know of who were present at the scene of the collision from the time that it occurred until all vehicles and debris were removed from the roadway. Your answer should include the identities of all persons who investigated any aspect of the collision, all persons who witnessed the collision, all persons who stopped to look or render aid after the collision, all persons who were called to the scene to render medical aid, all persons who were called to the scene for traffic control purposes, all persons who were called to the scene to remove the vehicles and debris from the roadway, and any and all other persons who were present for any reason. You should also give the reason and/or purpose for which these persons were present at the scene if you have this information. If you do not know the names of any, all, or some of these individuals, please identify them as best you can by giving any description you can of them including but not limited to their race, age, gender, physical appearance, the vehicles they were driving, any statements they made which you could hear or have been made aware of, and any and all other information that you may have about these persons.

33.    Identify any and all mechanical problems that the truck was experiencing at the time of the collision.

34.    Please describe how any and all emergency related entities were dispatched to the scene. Your answer should include but is not limited to the means by which they were dispatched (i.e., cellular phone, citizens band radio, two-way radio, etc..), the channel or channels used to broadcast for the dispatching of same, all entities or agencies contacted (i.e., Emergency 911 Service, local or state law enforcement agencies, fire departments, ambulance services, etc...), and the language and/or substance of any and all statements made to said entities in order to procure dispatch of emergency services.

35.    Identify all means of communication that were available in the truck at the time of the collision including the service provider of any such communication medium (i.e. cellular phone service, citizens band radio service, two-way radio services, etc.).

36.    Please describe the means by which your driver was compensated by you for hauling tractor-trailer loads during the three-year period preceding the subject collision. If there was more than one compensation scheme for this period, give the dates that each such compensation scheme.

37. Describe in full detail any act done by any person or entity at the time of your hiring of your driver to verify his background, criminal history, driver qualifications, prior job performance, and overall suitability to be hauling for Murrow's Transfer, Inc.

## REQUESTS FOR PRODUCTION

1. Please produce copies of any and all agreements between your driver and Defendant Murrow's Transfer, Inc. regarding your driver's use of the truck involved in the accident made the basis of this suit and any other such agreements which related to other vehicles owned by this Defendant and used by your driver.

2. Please produce copies of any and all written responses from each state agency contacted with reference to your driver's driving record.

3. Please produce all documents sent and received by Defendant to or from each of your driver's experience and/or ability to operate a tractor truck and any injuries, ailments, physical or mental conditions or limitations of your driver.

4. Please produce copies of any and all alcohol tests with a confirmed reading of .02 or greater on your driver.

5. Please produce copies of any and all controlled substance test results pertaining to your driver.

6. Please produce copies of this Defendant's written driving standards and/or instructions for its drivers, including any such standards or instructions that were provided to your driver.

7. Please produce a copy of this company's accident register for the truck involved in the collision made the basis of this lawsuit.

8. Please produce copies of all documents generated through the use of qualcomm, eaton-orad, or any other on-board recording devices that were equipped in the truck involved in the collision made the basis of this suit.

9. Please produce copies of any and all documents relating to all national transportation safety board, Alabama DOT or other government entity investigative report or inspection pertaining to your company, your driver, and /or the truck involved in the collision made the basis of this suit.

10. Please produce copies of all educational materials, manuals or training devices regulating the drivers of trucks employed by you or your company.

11.     Please produce copies of all policies and/or procedures relating to any alcohol and drug testing.

12.     Please produce copies of all hiring policies and procedures for Defendant Murrow's Transfer, Inc.

13.     Please produce copies of any investigation and/or report generated by this Defendant and/or any other entity regarding the collision made the basis of this lawsuit.

14.     Please produce the originals or true and complete copies of any and all incident reports, accident reports, investigative reports, Form MCS 50-B, or any other documents of any description whatsoever relating to the accident made the basis of this suit which are in your possession or in the possession of Murrow's Transfer, Inc. or any of its agents, servants, employees, investigators, insurance carriers or attorneys.

15.     Please produce the originals or true and correct copies of any and all maintenance and repair records on the subject truck at the times and places made the basis of this suit for the twelve months prior to the subject accident and for the twelve months after the subject accident.

16.     Please produce the originals or true and complete copies of the bills of sale and other records relating to ownership of the subject truck from the date of sale to present on the subject truck at the times and places made the basis of this suit.

17.     Please produce any and all registrations or licenses issued by any city, county, state, federal agency to Murrow's Transfer, Inc. which was in effect on November 3, 2020, in regards to the tractor truck driven by your driver, at the time of the collision.

18.     Please produce any and all filings, registrations or reporting documents sent to you and/or received by you from any city, county, state, or federal agency, concerning the tractor truck driven by your driver, at the time of the collision.

19.     Please produce the title and/or certificate stating or referring to ownership of the tractor-trailer and/or components parts thereof that was operated by your driver, at the time of the collision.

20.     Please produce all repair, maintenance, and inspection procedures and rules pertaining to the tractor truck for the two-year period prior to the collision.

21.     Please produce all repair logs, maintenance logs, and inspection logs pertaining to the tractor truck for the two-year period prior to the collision.

22.     Please produce all reports, statements, photographs and other documents which depict or describe the nature, type and/or amount of damages sustained to the tractor, its cargo or its driver, as a result of the November 3, 2020, collision.

23.     Please produce the originals or true and complete copies of any and all drivers' manuals, company drivers' handbooks, rules and regulations, or other manuals relating to the truck which your driver was operating at the times and places made the basis of this suit.

24.     Please produce the driver's logbook for the date of the accident made the basis of this suit and for the four weeks immediately preceding the date of the subject accident.

25.     Please produce copies of all safety literature, safety programs, safety rules and regulations, safety manuals or other written documents pertaining to safety provided to your driver by Murrow's Transfer, Inc.

26.     Please produce any and all photographs, films, videotapes and/or negatives in your possession or in the possession of any of your agents, servants, employees, insurance adjusters or attorneys relating to the collision, which is the subject matter of this litigation.

27.     Please produce your complete file concerning the Department of Transportation (DOT) as it relates to this subject incident and/or copies of any and all materials, correspondence, memoranda, notes, communications, or written or printed documents of any description whatsoever which exist between this defendant and Department of Transportation (DOT) regarding the subject accident.

28.     Produce any and all on-board computer information, data accumulation system information or any form of electronic monitoring information used to measure or compile data that was on board the truck made the basis of this case; produce any and all documents obtained from any data collection system, electronic storage system, or on-board computer information in the possession of Murrow's Transfer, Inc.; produce the information as it is stored by the company in whatever medium of preserving evidence that is utilized by the company in the normal course of business; produce any and all of the data for the 6 months preceding and immediately after the accident of November 3, 2020, for the truck driven by your driver, which is the basis of this complaint.

29.     Produce originals or true and correct copies of your driver's driving record for ten years prior to this accident, or the longest time period that is obtainable through state and/or Federal agencies.

30.     Please provide originals or true and correct copies of any and all bills of lading for the subject tractor trailer for the fourteen (14) days immediately preceding and including the date of the subject collision.

31.     Please provide originals or true and correct copies of any and all weight station receipts for the subject tractor trailer for the fourteen (14) days immediately preceding and including the date of the subject collision.

32.     Please provide originals or true and correct copies of any and all dispatch logs or other documentation of any type whatsoever stating the travel route and destination of the subject truck for the fourteen (14) days prior to and inclusive of the date of the subject collision.

33.     Please provide originals or true and correct copies of the Medical Examiner's Certificates of Physical Qualification for your driver for the ten (10) years preceding the subject collision.

34.     Please provide originals or true and correct copies of printouts or other documents reflecting all amounts of money paid to your driver by Murrow's Transfer, Inc. for his services during the five year period preceding and including the year of the subject collision.

35.     Please provide originals or true and correct copies of all safety literature provided by your insurance carrier during the ten (10) year period preceding the subject collision.

36.     Please provide originals or true and correct copies of all records of all complaints against all Murrow's Transfer, Inc.'s drivers during the five (5) years preceding the subject collision until today. These documents should include records of any and all complaints including court pleadings, letters regarding driver's conduct, and/or verbal communications received that were recorded in any way.

37.     Please provide originals or true and correct copies of any and all inspection reports or pre-inspection reports or other records relating to the subject vehicle.

38.     Please provide originals or true and correct copies of all "Thirty Day Inspection Reports" relating to the subject vehicle.

39.     Please produce all files, records and documents maintained by Murrow's Transfer, Inc. that relates to your driver in any form, including but not limited to his personnel file, log books, payroll records, drive time records, DOT inspections, job application, records of training received by him in connection with his employment with Defendant, records of prior driver citations, accidents and moving violations, disciplinary notices, reprimands, tests, test results, drug/alcohol screens, qualifications, performance evaluation reports, memos, notes, letters, and any other documents concerning his employment history and pre-employment qualifications, and his work schedules during his employment.

40.     Please produce all liability insurance policies (including all excess and umbrella policies) that any Defendants have that covers or may cover any judgment that may be entered in this action. Please produce any applications submitted to any insurance companies for any person, entity or truck involved in the subject collision.

41.     Please produce all documents submitted by Defendants and/or any parent, sister or affiliated company to any insurance company, and/or city, county, state or federal agency concerning the collision at issue or any damages and/or injuries allegedly resulting therefrom.

42.     Please produce all documents received by Defendants and/or any parent, sister or affiliated company from any insurance company, city, county, state, or federal agency concerning the collision at issue or any damages and/or injuries allegedly resulting therefrom.

43.     Produce any and all manuals, procedures, booklets, anything in writing of any kind, that deal with compliance with the DOT regulations (49 C.F.R.) mandating drug and alcohol testing for your commercial truck drivers.

44.     Produce the results of all DOT drug and/or alcohol tests on your driver from November 3, 2019 to November 3, 2020.

45.     Produce any and all results, paperwork, or documentation of any "non-DOT drug and/or alcohol tests" on your driver from November 3, 2019 to November 3, 2020.

46.     Produce a copy of your driver's DOT physical long form.

47.     Produce a copy of the minutes of Murrow's Transfer, Inc.'s safety meetings, if there were any safety committee meetings prior to the incident

48.     Produce a written copy of Murrow's Transfer, Inc.'s hiring criteria; produce documents, papers, or memos as it relates to the hiring of your driver; investigations and background checks that were done on him prior to his being contracted with and/or hired.

49.     Please produce any and all time, travel and/or driver logs, records, trip reports, settlement sheets and/or documents showing shipments by your driver on behalf of Murrow's Transfer, Inc. from November 3, 2020, until the present.

50.     Please produce all documents that refer to or identify any and all vehicular collisions and/or traffic violations for which your driver was involved.

51.     Please produce all records indicating the number of hours worked by your driver for the period of his employment with Defendant.

52.     Please produce all written or audio-recorded statements of your driver, Murrow's Transfer, Inc., its employees, the officer(s) who investigated the collision, and any witnesses to the collision.

53.     Please produce all documents that refer to any and all punishment, penalties, reprimands, recommendations and/or appraisals made by Defendants, its employees or agents concerning your driver's actions or conduct on the date of the collision.

54.     Please produce copies of all contracts between Defendants and any entity for whom Murrow's Transfer, Inc. was carrying cargo at the time of the accident.

55.     Please produce copies of all contracts between Defendants, freight brokers, freight shippers and/or leased and employed drivers for the past two years.

56.     Please produce all safety audits from any external source including the Department of Safety and/or the Department of Transportation.

57.     Please produce all safety ratings that Murrow's Transfer, Inc. has received.

58.     Please produce all safety ratings your driver has received while driving for Defendant.

59.     Please produce a copy of the annual review of your driver's driving record for each year that he has driven for Defendant.

60.     Please produce a copy of a medical examiner's Certificate of Physical Qualification on your driver.

61.     Please produce any documentation showing whether Murrow's Transfer, Inc. has deemed this collision as "preventable" or "non-preventable."

62.     Please produce a copy of all documents reflecting any bonus or incentive system utilized by Murrow's Transfer, Inc. and any documents reflecting bonuses received by your driver.

63.     Please produce your tax returns for the years 2016-2020.

64.     Produce all schematics, prints or drawings concerning the scene of the accident made the basis of this suit.

65.     Produce all documents that compute and/or indicate the speed of any vehicle involved in this accident.

66.     Regarding the accident made the basis of this lawsuit, produce all documents showing measurements of the roadway, the damage to the vehicles, and distances traveled that have been taken down by your expert witness or any other person.

67.     Regarding any expert whom may provide testimony at trial, produce the following:

> (a)     all documents generated by, seen by, and/or considered by your expert(s);
>
> (b)     all articles and other documents used by your expert to formulate his/her opinions; and
>
> (c)     all correspondence, memorandums, and other writings sent to your expert which in any way relate to this lawsuit.

68.     Produce all documents generated by you, sent to your attention, or seen by you concerning the accident made the basis of this suit other than attorney-client privileged material.

69.     Produce all medical records that are in your possession which relate to the Plaintiff.  You have a continuing duty to supplement your response to this request.

70.     Produce all records that are in your possession which relate to the Plaintiff, which you contend are not encompassed in the definition of medical records.   You have a continuing duty to supplement your response to this request.

71.     Produce all documents and tangible items you subpoena pursuant to A.R.C.P. 45 or any other Rule in this action.  You have a continuing duty to supplement your response to this request.

72.     Produce originals or true and correct copies of all exhibits you intend to introduce at trial.

**ANY DOCUMENT WHICH HAS BEEN WITHHELD ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK PRODUCT AND/OR WHICH HAS BEEN DEEMED AS UNDISCOVERABLE BY THIS DEFENDANT SHOULD BE SPECIFICALLY DESIGNATED BY DATE, AUTHOR, ADDRESSEE AND GENERAL SUBJECT MATTER, SO THAT THE COURT CAN RULE ON ITS ADMISSIBILITY.**

**BATES STAMPING OF ALL DOCUMENTS AND/OR SETS OF DOCUMENTS IS REQUESTED.**

*/s/ Champ Lyons, III*

CHAMP LYONS, III
Attorney for Plaintiff

OF COUNSEL:

CHAMP LYONS III, P.C.
P.O. Box 131388
Birmingham, AL  35213-1388
(205) 930-3131
(866) 618-4629 fax
champ@champlyons.com



AlaFile E-Notice

01-CV-2021-900712.00

To:  CHAMP LYONS, III III
     champ@champlyons.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RUTH CROOKS ET AL V. MURROW'S TRANSFER, INC.
01-CV-2021-900712.00

The following complaint was FILED on 3/4/2021 3:44:56 PM

Notice Date:      3/4/2021 3:44:56 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2021-900712.00

To: MURROW'S TRANSFER, INC.
1660 BLAIR STREET
THOMASVILLE, NC, 27360

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RUTH CROOKS ET AL V. MURROW'S TRANSFER, INC.
01-CV-2021-900712.00

The following complaint was FILED on 3/4/2021 3:44:56 PM

Notice Date:    3/4/2021 3:44:56 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2021-900712.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### RUTH CROOKS ET AL V. MURROW'S TRANSFER, INC.

**NOTICE TO:** MURROWS TRANSFER, INC., 1660 BLAIR STREET, THOMASVILLE, NC 27360

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), CHAMP LYONS, III III

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P.O. Box 131388, BIRMINGHAM, AL 35213

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of RUTH CROOKS pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 03/04/2021 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ CHAMP LYONS, III III

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                                    *(Name of County)*

Alabama on _____.

*(Date)*

| | |
|---|---|
| _____ | _____ |
| *(Type of Process Server)* | *(Address of Server)* |
| _____ | |
| *(Server's Signature)* | _____ |
| _____ | *(Phone Number of Server)* |
| *(Server's Printed Name)* | |



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
RUTH CROOKS ET AL V. MURROW'S TRANSFER, INC.

01-CV-2021-900712.00

To:  CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $8.05

Parties to be served by Certified Mail - Return Receipt Requested

MURROW'S TRANSFER, INC.                                          Postage: $8.05
1660 BLAIR STREET
THOMASVILLE, NC 27360

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MURROW'S TRANSFER, INC.
1660 BLAIR STREET
THOMASVILLE, NC 27360

9590 9402 6151 0209 5371 64

2. Article Number (Transfer from service label)

7020 2450 0000 5153 9199

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                              ☐ Agent
                                               ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery
S/C

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

CV- 2021-900712

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECE**
Domestic Mail Only

For delivery information, visit our website at

OFFICIAL

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

7020 2450 0000 5153 9199

PS Form 3800, April 2015 PSN 7530-02-000-9047        See R

SENDER: *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MURROW'S TRANSFER, INC.
1660 BLAIR STREET
THOMASVILLE, NC 27360



9590 9402 6151 0209 5371 64

2. Article Number *(Transfer from service label)*

7020 2450 0000 5153 9199

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X ☐ Agent
☐ Addresse

B. Received by *(Printed Name)*     C. Date of Delive
                                     3-1(-2

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

S/C

CV- 2021-9007

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
   ail
   ail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restric
   Delivery
☒ Return Receipt for
   Merchandise
☐ Signature Confirmation
☐ Signature Confirmation
   Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receip



**USPS TRACKING #**

GREENSBORO NC

PIEDMONT TRIAD AREA

18 MAR 2021    PM

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 6151 0209 5371 64

**United States**
**Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box *

JACQUELINE ANDERSON SMITH, CLERK
ROOM 400 JEFF CO COURTHOUSE
716 RICHARD ARRINGTON JR BLVD., NO.
BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

MAR 16 2021

JACQUELINE ANDERSON SMITH
CLERK



AlaFile E-Notice

01-CV-2021-900712.00

Judge: MARSHELL JACKSON HATCHER

To:  LYONS CHAMP III
     champ@champlyons.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RUTH CROOKS ET AL V. MURROW'S TRANSFER, INC.
01-CV-2021-900712.00

The following matter was served on 3/11/2021

**D001 MURROW'S TRANSFER, INC.**
**Corresponding To**
CERTIFIED MAIL

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

Case 2:21-cv-00507-JHF   Document 1-1   Filed 04/09/21   Page 28 of 35   ELECTRONICALLY FILED
3/30/2021 2:51 PM
01-CV-2021-900712.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLER

**STATE OF ALABAMA**          Revised 3/5/08

Unified Judicial System

01-JEFFERSON          ☐ District Court   ☑ Circuit Court

Cas ...

CV2 ...

| RUTH CROOKS ET AL V. MURROW'S TRANSFER, INC. | **CIVIL MOTION COVER SHEET** |
|---|---|
| | *Name of Filing Party:*ZI - GEICO Casualty Company |

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*          ☐ Oral Arguments Requested

LUCY WESTOVER JORDAN

2700 Rogers Drive, Suite 204

BIRMINGHAM, AL 35209

*Attorney Bar No.:*  JOR037

**TYPE OF MOTION**

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| ☐Judgment on the Pleadings ($50.00) | ☐ Compel |
| ☐Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐Summary Judgment pursuant to Rule 56($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| ☑Motion to Intervene ($297.00) | ☐ Disburse Funds |
| ☐Other _____ | ☐ Extension of Time |
| pursuant to Rule _____ ($50.00) | ☐ In Limine |
| | ☐ Joinder |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐Local Court Costs $   0 | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐Other _____ |
| | pursuant to Rule          (Subject to Filing Fee) |

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:  3/30/2021 2:50:44 PM | Signature of Attorney or Party  /s/ LUCY WESTOVER JORDAN |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
3/30/2021 2:51 PM
01-CV-2021-900712.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**RUTH CROOKS and HARRY CROOKS,**

                **Plaintiffs,**

**vs.**                                 **Case No.:  01-CV-2021-900712.00**

**MORROW'S TRANSFER, INC.,**

                **Defendants.**

## MOTION TO INTERVENE

COMES NOW, GEICO Casualty Company, "GEICO", pursuant to Rule 24 of the Alabama Rules of Civil Procedure, and moves the court for leave to intervene in this case. In support of the motion, GEICO shows unto the court the following:

1.      This case involves an automobile accident which occurred in Jefferson County, Alabama.

2.      GEICO issued a policy of automobile insurance to the plaintiffs.  The policy provided UM/UIM benefits.

3.      The plaintiffs allege that they were injured in an automobile accident as a result of the negligence or wantonness of the defendant Morrow's Transfer, Inc.

4.      GEICO seeks to intervene in this case in order to evaluate its exposure for possible UIM benefits for the plaintiffs.  GEICO's claim has common questions of law and fact with the main action.  The disposition of the main action may as a practical matter impair or impede GEICO's ability to protect its interests in this case.

5.      GEICO is attaching a copy of its proposed complaint in intervention.

                                       */s/ Lucy W. Jordan*
                                       Lucy W. Jordan (JOR037)
                                       Attorney for GEICO Casualty Company

**OF COUNSEL**
The Law Office of Kenneth A. Dowdy
Employees of Government Employees Insurance Company
2700 Rogers Drive, STE 204
Homewood, Alabama 35209
Telephone: 205-877-9540
Facsimile: 205- 877-9546
Email: LuJordan@geico.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing was served on the following counsel of record via electronic filing on Alafile.com the 30th day of March, 2021.

Champ Lyons, III, Esq.                     Murrow's Transfer, Inc. (Pro Se)
Champ Lyons, III, P.C.                     1660 Blair Street
P.O. Box 131388                            Thomasville, NC 27360
Birmingham, AL 35213-1388

                                           */s/ Lucy W. Jordan*
                                           OF COUNSEL

ELECTRONICALLY FILED
3/30/2021 2:51 PM
01-CV-2021-900712.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

**RUTH CROOKS and HARRY CROOKS,**

**Plaintiffs,**

**vs.**                                                            **Case No.:  01-CV-2021-900712.00**

**MORROW'S TRANSFER, INC.,**

**Defendants.**

**<u>COMPLAINT IN INTERVENTION</u>**

COMES NOW, GEICO Casualty Company, ("GEICO"), pursuant to Rule 24 of the Alabama Rules of Civil Procedure, and files its complaint in intervention as follows:

1.      The plaintiffs allege in their complaint that they were injured in an accident on November 30, 2020, in Jefferson County, Alabama.  The complaint alleges that the defendant, Murrow's Transfer, Inc. negligently or wantonly caused the accident.

2.      GEICO issued a policy of automobile insurance to the plaintiffs.  The policy provided UM/UIM benefits.

3.      GEICO admits that the policy was in full force and effect on the date of the accident; however, it denies at this time that the plaintiffs are entitled to UIM benefits.

4.      If GEICO is required to pay underinsured motorist benefits to the plaintiffs, then it will be subrogated against the defendant, Murrow's Transfer, Inc., to the extent of that payment if it advances any settlement offers made by the defendant.

WHEREFORE, GEICO requests the court to determine that the plaintiffs are not entitled to recover UIM benefits from it or, in the alternative, it requests the court to enter a judgment in its favor and against the defendant, Murrow's Transfer, Inc. to the extent of any payment made by GEICO to the plaintiffs.

/s/ Lucy W. Jordan
Lucy W. Jordan (JOR037)
Attorney for GEICO Casualty Company

**OF COUNSEL**
The Law Office of Kenneth A. Dowdy
Employees of Government Employees Insurance Company
2700 Rogers Drive, STE 204
Homewood, Alabama 35209
Telephone: 205-877-9540
Facsimile: 205- 877-9546
Email: LuJordan@geico.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above and foregoing was served on the following counsel of record via electronic filing on Alafile.com the 30th day of March, 2021.

Champ Lyons, III, Esq.                     Murrow's Transfer, Inc. (Pro Se)
Champ Lyons, III, P.C.                      1660 Blair Street
P.O. Box 131388                             Thomasville, NC 27360
Birmingham, AL 35213-1388

/s/ Lucy W. Jordan
OF COUNSEL



AlaFile E-Notice

01-CV-2021-900712.00

Judge: MARSHELL JACKSON HATCHER

To:  LUCY WESTOVER JORDAN
     Lujordan@geico.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RUTH CROOKS ET AL V. MURROW'S TRANSFER, INC.
01-CV-2021-900712.00

The following matter was FILED on 3/30/2021 2:50:53 PM

**ZI  GEICO CASUALTY COMPANY**

MOTION TO INTERVENE

[Filer: JORDAN LUCY WESTOVER]

Notice Date:     3/30/2021 2:50:53 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2021-900712.00

Judge: MARSHELL JACKSON HATCHER

To:  MURROW'S TRANSFER, INC. (PRO SE)
1660 BLAIR STREET
THOMASVILLE, NC, 27360-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RUTH CROOKS ET AL V. MURROW'S TRANSFER, INC.
01-CV-2021-900712.00

The following matter was FILED on 3/30/2021 2:50:53 PM

**ZI  GEICO CASUALTY COMPANY**
MOTION TO INTERVENE
[Filer: JORDAN LUCY WESTOVER]

Notice Date:      3/30/2021 2:50:53 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2021-900712.00

Judge: MARSHELL JACKSON HATCHER

To:  LYONS CHAMP III
     champ@champlyons.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RUTH CROOKS ET AL V. MURROW'S TRANSFER, INC.
01-CV-2021-900712.00

The following matter was FILED on 3/30/2021 2:50:53 PM

**ZI  GEICO CASUALTY COMPANY**
MOTION TO INTERVENE
[Filer: JORDAN LUCY WESTOVER]

Notice Date:     3/30/2021 2:50:53 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov