# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RUTH CROOKS and WANDA MALCOM,** ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Civil Action Number **2:21-cv-00507-AKK** |
| **MURROW'S TRANSFER, INC.,** ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Ruth Crooks and Wanda Malcom initiated this action in the Circuit Court of Jefferson County, Alabama, seeking compensatory and punitive damages for injuries they suffered after a tractor-trailer owned by Murrow's Transfer, Inc. collided with their vehicle while they were stopped at a traffic light. Doc. 1-1 at 3-6. After Murrow's Transfer removed this action on diversity jurisdiction grounds, doc. 1, Crooks and Malcom moved to remand, challenging whether Murrow's Transfer has proven that the amount in controversy requirement is satisfied, docs. 8 and 9; *see also* docs. 12 and 13. Murrow's Transfer in response argues that the plaintiffs' allegations of substantial injuries, claims for punitive damages and damages for pain and suffering and mental anguish, and refusal to stipulate that they are not seeking damages of more than $75,000 are sufficient to make the requisite

showing. Doc. 11. For the reasons explained below, the motions to remand are due to be granted.

## I.

Federal courts are courts of limited jurisdiction, with the power to hear only cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Relevant here, section 1332 grants the court original jurisdiction over any civil action in which no plaintiff is a citizen of the same state as any defendant and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). A defendant may remove a case from state court to a federal district court if the court would have had original jurisdiction. 28 U.S.C. § 1441(a). The defendant seeking removal bears the burden of establishing that jurisdictional requirements are met. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207, 1211 (11th Cir. 2007). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly . . . [and] all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted).

## II.

When, as here, "a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the

amount in controversy more likely than not exceeds the jurisdictional requirement.'" *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quotation and alteration in original omitted).  A defendant may satisfy that burden without additional evidence when it is "'facially apparent' from the [complaint] itself that the amount in controversy exceeds the jurisdiction minimum[.]"  *Id.* (quotation omitted).  And, a district court may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable."  *Id.* at 1061-61 (quotation omitted).  But, the court cannot rely on speculation in making the determination.  *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (quoting *Lowery*, 483 F.3d at 1220).

Murrow's Transfer contends that it is facially apparent from the complaint that the amount in controversy exceeds $75,000.  Doc. 1.  To support this contention, it cites Crooks's and Malcom's allegations that they "suffered substantial injuries[,]" "incurred substantial medical expenses and will continue to incur medical expenses in the future[,]" and "have suffered extreme physical pain and suffering, emotional distress, and mental anguish and will continue to do so in the future."  *Id.* at 7-8; *see also* docs. 1-1; 11.  But, these allegations do not give any substantive information regarding the nature or extent of the alleged injuries, the type of medical treatment the plaintiffs received, or the amount of the plaintiffs'

3

medical bills. *See* doc. 1-1. As Chief Judge Coogler aptly pointed out when remanding a case involving allegations of "severe personal injuries" and claims for compensatory and punitive damages, "'severe' injuries to one person could easily be only minor injuries to all others." *Kidd-Hicks v. Bellemere Props., LLC*, Case No. 7:18-cv-00753-LSC, 2018 WL 4840113, at *1-2 (N.D. Ala. Oct 4, 2018). Thus, due to the general description of the alleged injuries and damages, any determination of the value of the compensatory damages claims would be entirely speculative at this juncture.

Murrow's Transfer's other contentions—the plaintiffs' demand for punitive damages and refusal to stipulate that they do not seek and will not accept more than $75,000 in damages—also fall short. Docs. 1 at 8; 11 at 2, 4, 7, 9-12. As district courts have repeatedly recognized, a demand for punitive damages alone—especially where, as here, the complaint is silent about the nature and extent of the injuries—is not sufficient to show that the amount in controversy requirement is met.[1] And because a plaintiff may have multiple reasons for failing to do so, a

---

[1] *See, e.g., Ruffin v. Clark*, 2018 WL 6037552, at *6 (S.D. Ala. Oct. 25, 2018); *Hogan v. Mason*, 2017 WL 1331052, at *3 (N.D. Ala. Apr. 11, 2017); *Crocker v. Lifesouth Community Blood Centers, Inc.*, 2016 WL 740296, at *3-4 (S.D. Ala. Feb. 23, 2016) (citations omitted); *George v. Wells Fargo Bank, N.A.*, 2014 WL 61487, at *3 (S.D. Fla. Jan 8, 2014).

refusal to stipulate to limited damages does not establish that the amount in controversy requirement is met.[2]

### III.

To summarize, Murrow's Transfer has not shown that it is facially apparent from the complaint that the amount in controversy requirement is met in this case. Thus, because "the existence of jurisdiction should not be divined by looking to the stars," *Lowery*, 483 F.3d at 1215, and "all doubts about jurisdiction should be resolved in favor of remand to state court," *Univ. of S. Ala.*, 168 F.3d at 411, this action is due to be remanded.  The court will issue a separate order.

    **DONE** the 21st day of May, 2021.

                                     _____
                                       **ABDUL K. KALLON**
                                    UNITED STATES DISTRICT JUDGE

---

[2] *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001); *see also Abbey v. Texas Roadhouse Holdings LLC*, 2019 WL 337129, at *2 (M.D. Fla. Jan. 28, 2019); *Jackson v. Litton Loan Servicing*, LP, 2010 WL 3168117, at *5 (M.D. Ala. Aug. 10, 2009) (citing *Harmon v. Wal-Mart Stores, Inc.*, 2009 WL 707403, at *4 (M.D. Ala. 2009); *Ruffin*, 2018 WL 6037552, at *6.